# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DAYTON M. DENT JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:07CV1306 RWS |
| SCHOLASTIC BOOK FAIR, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Dayton Dent Jr. for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and finds that it fails to state a cause of action. However, because plaintiff is pro se, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which

relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff does not bring this action under any federal statute. Plaintiff alleges that he was given written violations for missing work due to illness and that his termination was wrongful because Scholastic Book fair did not follow the correct procedures and protocol when it terminated his employment. These allegations are insufficient to state a federal claim under either Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, or the Americans with Disabilities Act of 1990.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint. Plaintiff shall have 30 days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within 30 days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court will order plaintiff to file an amended complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint **no later than 30 days from the date of this Order**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely file an amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff, along with a copy of this Order, a copy of the Court-provided "Employment Discrimination Complaint."

Dated this <u>1st</u> Day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE